Opinion issued January 29, 2004 


 




 
 




In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-03-01289-CR
          01-03-01290-CR
          01-03-01291-CR
          01-03-01292-CR
____________

IN RE RENE SANCHEZ, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
               Relator, Rene Sanchez, filed a motion for leave to file petition for writ of
mandamus, and a petition for writ of mandamus. We grant the motion for leave to file
the petition. In his petition, Sanchez requests that this Court order respondent


 to: (1)
dismiss the charges pending against him in cause numbers 954651, 954652, 954725,
and 954871; (2) enter written rulings on his pro se motions filed in the four pending
cases; and (3) release him from confinement. We deny relief.
               “Mandamus will not issue where there is a clear and adequate remedy at
law, such as a normal appeal.” Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). 
We have reviewed relator’s substantive complaints and determined that they are
reviewable by direct appeal. For example, the question of whether a defendant’s right
to a speedy trial was violated is directly appealable after conviction. See Zamorano
v. State, 84 S.W.3d 643 (Tex. Crim. App. 2002) (conviction reversed on speedy trial
grounds). A trial court’s rulings on motions to suppress evidence are also reviewable
on appeal. See, e.g., Marsh v. State, 115 S.W.3d 709, 712 (Tex. App.— Austin 2003,
no pet. reported). Thus, relator has an adequate remedy at law for his substantive
complaints.
               Sanchez’s remaining complaints, filed pro se in the trial court, and his
contention that respondent has not yet ruled on them are similarly without merit. 
Appointed counsel represents Sanchez in the trial court and he is not entitled to
hybrid representation. See Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App.
1995). The trial court therefore has no duty to rule on relator’s pro se motions, and
mandamus is not an available remedy.
               Sanchez offers no record support for his contention that the trial court has
inappropriately refused to set bail or give him a speedy trial, and these claims, if
meritorious, should be addressed by his appointed counsel in the first instance in the
trial court. See Tex. R. App. P. 52.3(j).
               The petition for writ of mandamus is denied.
PER CURIAM
Panel consists of Justices Taft, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).